996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Zdzislaw John TOBOLA, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, a Delaware Corporation, Defendant-Appellee,
and United Autoworkers Local 2280, Defendant.
 
 No. 92-1793.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1993.
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Zdzislaw John Tobola appeals from the order granting summary judgment in favor of Ford Motor Company (Ford). The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tobola brought suit under Title VII (42 U.S.C. § 2000e et seq.) and under the ADEA (Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.), alleging employment discrimination based on race (Caucasian), national origin (Polish American), religion (Catholic), and age (65). He also vaguely asserted an allegation that Ford's conduct was the result of retaliation because he filed complaints with the Equal Employment Opportunity Commission.
 
 
 3
 The district court granted the UAW's motion for summary judgment by order entered March 11, 1992. The parties submitted briefs and a hearing was conducted on May 18, 1992. At the conclusion of the hearing, the court granted Ford's motion for summary judgment. Tobola appeals from that judgment.
 
 
 4
 Tobola was hired by Ford in 1977, laid off in 1979 and rehired in 1990. He complained that he should have been rehired in 1988 or 1989 and that Ford's failure to rehire him constituted discrimination.
 
 
 5
 Initially, it is noted that the only defendant on appeal is Ford Motor Company as Tobola did not raise any issues concerning the UAW on appeal. Se Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 6
 Upon de novo review, we find no error. It is the plaintiff who bears the burden of proving a prima facie case of employment discrimination and additionally of rebutting any legitimate, nondiscriminatory explanation proffered by the employer for its actions. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Merely making out a prima facie case does not automatically save a plaintiff from a summary judgment motion. Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314 (6th Cir.1989). Unless Tobola introduced counter-affidavits and argumentation that demonstrate that there is reason to disbelieve Ford's explanation, there is no genuine issue of material fact. Id.
 
 
 7
 We conclude that Tobola failed to bear his burden of proof. Nothing contained in the record indicates that Ford's failure to rehire Tobola in 1988 or 1989 was the result of discrimination or retaliation. Ford's legitimate, nondiscriminatory explanation was valid.
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.